ALMENA M. CULVER, ADMINISTRATRIX, ADS. JOHN P. CULVER.

1. If a written contract is expressed in such terms that its meaning and intention cannot be ascertained to a reasonable degree of certainty, it is so far inoperative and void.
2. The court, in this case, being unable to interpret the writing with satisfactory certainty, it was properly submitted to the jury as a circumstance in the case, in connection with the other facts disclosed at the trial.

On rule to show cause.

Argued at June Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *I. W. Scudder.*

For the defendant, *P. Bentley.*

The opinion of the court was delivered by

VAN SYCKEL, J.   On the trial below, the plaintiff, John P. Culver, recovered from the administratrix of his deceased brother, Isaac B. Culver, the balance due upon a loan of $5000, which he claimed to have made to the decedent in his lifetime.

The principal evidence to support the allegation that the defendant received the money, was a paper of which the following is a copy:

"NEW YORK, March 31st, 1874.

"This is to certify that I have received of John P. Culver, five thousand ($5000), and placed it in hands of Baldwin & Kimball, 14 Wall street, for use.   The principal and benefit thereof, if any, is to be returned to him.    I. B. CULVER."

"October 13th.    Received on the within, ($2100) two thousand one hundred dollars, leaving a balance due from I. B. Culver of $2900.              JNO. P. CULVER."

The first question in the case is, whether the court, with a knowledge of the situation in which the contracting parties stood at the time of executing this paper, and with a full understanding of the force and import of the words, can ascertain the meaning and intention of the parties from the language of the instrument.

If so, it was the duty of the court to construe this paper, and to direct the jury to determine the rights of these parties in accordance with the written agreement which they had executed.

But if the written contract is expressed in such terms that its meaning and intention cannot be ascertained to a reasonable degree of certainty, it is so far inoperative and void. 1 *Greenl. Ev.*, § 300 ; *Chit. on Con.* 72.

The certificate does not state whether the $5000 were placed in the hands of Baldwin & Kimball by direction of the plaintiff, nor whether the plaintiff was to look to the brokers or to Isaac B. Culver for his money ; neither can it be understood who was to assume the risk of loss.

By merely showing the *status* of the parties, these uncertainties are not so far removed as to enable us to interpret the writing with satisfactory certainty, and, therefore, it was properly submitted to the jury as a circumstance in connection with the other facts disclosed at the trial. The certificate leaves no doubt that Isaac received $5000 from the plaintiff in March, 1874.

The admission of Isaac, in October, 1875, that he owed the plaintiff $3000, in connection with the fact that the plaintiff still retained the writing in his possession, were circumstances from which the jury might properly infer that the parties intended that Isaac was to respond for the money. The admission of Isaac, that $3000 was due, also seems to recognize the fact that a previous payment had been made to the plaintiff, and, therefore, it was properly submitted to the jury to say whether the payment of $2100, endorsed on the writing, was not in the mind of Isaac at the time he made such admission. The case was left to the jury with proper instructions, and I can see no sufficient reason to disturb their verdict.